UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 07 95ML

UNUM LIFE INSURANCE COMPANY OF AMERICA,
Plaintiff

v.

MICHAEL MCDONALD,
Defendant

C.A. No. 07-

VERIFIED COMPLAINT

1. Plaintiff is a corporation formed under the laws of the State of Maine and headquartered in Portland, Maine.

2. Defendant is, upon information and belief, a resident of the State of Rhode Island.

3. Jurisdiction over this matter is vested in this Court pursuant to 28 U.S.C. §1331, 29 U.S.C. §1132(e) and 28 U.S.C. §1332.

4. This Court is the correct venue for this action pursuant to 28 U.S.C. §1391(a) and (b) insomuch as the defendant is a resident of this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

Count One

5. Repeats and realleges the allegations of paragraphs one through four.

6. Defendant was, at all relevant times, a participant and/or beneficiary of an employee welfare benefit plan (the "Plan") sponsored and maintained by the South County Hospital in Wakefield, Rhode Island.

7. Disability benefits under the Plan are funded by a group long term disability ("LTD") insurance policy underwritten by plaintiff.

8. Defendant, in or about October 2002, applied for and later began receiving LTD benefits under the Plan.

9. The Plan provides, in part:

> Unum will subtract from your disability payment the following deductible sources of income: ...
>
> 3) The amount that you, your spouse and your children receive or are entitled to receive as disability payments because of your disability under: ... – the United States Social Security Act.

10. The Plan further provides:

> What happens if Unum Overpays Your Claim?
>
> Unum has the right to recover any overpayments due to:
>
> - your receipt of deductible sources of income.
>
> You must reimburse us in full. We will determine the method by which the repayment is to be made ... .

11. On July 20, 2005 defendant signed a Disability Payment Options/ Reimbursement Agreement. That agreement provides, in part:

> The policy under which I am covered provides that my disability benefits may be reduced by other benefits that I, (my spouse and dependents, if applicable) may receive or are eligible to receive under, but not limited to, any act or law commonly known as Workers' Compensation and/or Social Security Administration benefits and/or other sources of benefit reduction as outlined in my Policy.
>
> Since a determination has not yet been made regarding the other sources of benefits that I, (my spouse and dependents, if applicable) may receive, I agree to have my benefit payment administered by one of the following options:
>
> __√__ A. Issue Benefit with No Reduction
> Please pay me the disability benefit with no reduction for amounts received by other sources until a final

> determination of my eligibility to receive those benefits is made. I understand that this may result in an overpayment by the Insurer. I agree to notify the Insurer within 48 hours of receiving notice of any and all decisions, to supply the Insurer with a copy of the final decision, and to repay any overpayment incurred as a result of receiving any other benefits from those sources specified in the policy ... .

> By selecting Option A, I understand that the Insurer has agreed to pay me an unreduced benefit based upon my written promise herein to pay the Insurer any overpayment resulting from my receipt of benefits from other sources, as outlined in my policy. I agree to reimburse the Insurer any such overpayment within thirty (30) days of my receipt of such funds.

> If I fail to pay the Insurer the overpayment within the thirty (30) day period specified above, I understand that the Insurer may reduce future payments under the policy in order to recover the overpaid benefits. I also understand that I shall be liable to the Insurer for the full amount of any such overpayment, plus applicable statutory interest, and for all reasonable costs (including attorney's fees) of collection of the overpaid benefits.

12. Defendant, while receiving full LTD benefits payable under the Plan, received a retroactive award of primary and family disability benefits under the Social Security Act.

13. Defendant's receipt of social security disability benefits has resulted in an overpayment of LTD benefits in an amount of approximately $90,000.00.

14. Plaintiff has since made repeated demands for the defendant to refund the LTD overpayment.

15. Defendant has since refused to pay amounts due and payable to plaintiff under the terms of the Plan.

WHEREFORE, plaintiff demands:

a. Temporary and preliminary injunctive relief barring defendant from transferring, spending, alienating, pledging or hypothecating any funds in his possession received or derived from LTD benefits under the Plan in the past, present or future.

b. Judgment against defendant for the full amount of the LTD overpayment balance plus interest, costs and attorney's fees.

c. Such further relief as the Court may deem appropriate.

Brooks R. Magratten, No. 3585
Catherine A. Shaghalian, No. 6883
VETTER & WHITE
Attorneys for Plaintiff Unum Life Insurance Company of America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: March 13, 2007

VERIFICATION

STATE OF MAINE )
) ss.
COUNTY OF CUMBERLAND )

Douglas R. Allen, being duly sworn, says:

1. I am the Manager of The Financial Recovery Unit for the Unum Life Insurance Company of America.

2. I have reviewed the above allegations and, after having conducted a reasonable investigation of this matter, believe them to be true and correct.

3. I have been authorized by the Unum Life Insurance Company of America to execute this verification on its behalf.

Douglas R. Allen

Subscribed and sworn to before me
this 9 day of March, 2007

, Notary Public

My commission expires:

Wendy R Broy
Notary Public, Maine
My Commission Expires
March 25, 2012